MINNIE E. READ, as Executrix, etc., of SAMUEL H. READ, Deceased, Respondent, v. POSTAL TELEGRAPH-CABLE COMPANY, Appellant.

First Department, April 6, 1923.

Telegraphs and telephones — action to recover money deposited for transmission to foreign country — money was not delivered — defendant offered to return in United States money amount then equivalent to sum held in foreign country — error to reject evidence by defendant to show what was done in performance of contract.

In an action against a telegraph company, as a common carrier, to recover money deposited with it for transmission to Barcelona, Spain, there to be delivered to another person, the answer of the defendant alleged that the money was transmitted to Barcelona through the American Express Company, but that delivery was not made because of the inability to locate the person to whom it was sent; that the sender was notified, and he advised the telegraph company to hold the money awaiting instructions; that after the sender died his son directed that the order be canceled and refund made, and that the defendant tendered to the plaintiff United States money of the then value, according to the rate of exchange at that time, of the foreign money held at Barcelona.

Held, that it was error for the court to refuse to permit the defendant to introduce evidence concerning the cause of non-payment, subsequent cancellation and refund to it by the American Express Company and the amount thereof, for if there had been no breach on the part of the defendant of the written contract between the parties, the defendant was entitled to an opportunity to show that fact.

APPEAL by the defendant, Postal Telegraph-Cable Company, from a determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 26th day of July, 1922, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*John L. Farrell* of counsel [*William C. Fitts* with him on the brief], for the appellant.

*Cullom & Rinke* [*Neil P. Cullom* of counsel], for the respondent.

FINCH, J.:

The complaint alleged the delivery by plaintiff's testator of $500 to the defendant, as a common carrier, to transmit said money to Barcelona, Spain, and there to deliver the same to one Ralph Read; that at Barcelona said Ralph Read subsequently demanded said sum from defendant, but the defendant failed and refused to deliver the same; and that defendant now owes plaintiff said $500 plus the charges. The answer denies defendant is a common

carrier, that it agreed to deliver $500, that said Ralph Read demanded the funds in Barcelona, and that $500 is due the plaintiff. As a defense the defendant alleges, among other things, that it is a domestic telegraph land line company and transfers messages to connecting lines where the destination of the message requires it; that it also accepts sums of money from the public and agrees to pay like sums through its offices to designated payees at domestic points; that it also receives, under agreement containing specific terms and conditions, sums of money for remittance where the payees are located at foreign points; that it agrees to place, in way of payment to such payees, the foreign equivalent of such sums, by turning same over, accompanied by the written directions of the sender, to its connections, acting as the sender's agent in so doing; and that in case of non-payment it will return to the sender in each instance whatever sum in refund is received by defendant from such connection; that on March 31, 1920, plaintiff's testator signed defendant's regulation agreement and order directing the payment of the foreign equivalent of the $500 at the prevailing rate of exchange to Ralph Read at Barcelona, Spain; that the defendant paid the $500 to the American Express Company, which cabled its Barcelona correspondent to pay Ralph Read, at National City Bank, Barcelona, 2,667 Spanish pesetas; that on April twelfth the American Express Company notified defendant of its inability to effect payment to Ralph Read, as he was unknown, and asked for instructions, and defendant thereupon notified plaintiff's testator, who directed that the funds be held for the time being, and defendant notified the express company accordingly; that on June 4, 1920, the sender having meanwhile died, his son asked that the order be canceled and refund made, and defendant so notified the express company, and thereafter in due course this was effected and that company gave defendant a check for $393.38 on August 6, 1920, this being the value, in United States money, of the 2,667 pesetas at the current rate in New York at time of refund; that this amount was offered to the sender's representatives and refused; that defendant has ever since been willing, and has offered and still offers, to pay said sum, and that the defendant has performed all that it was required to do under its contract.

Beyond payment by the defendant of the $500 to the American Express Company, the defendant was precluded from introducing evidence of what other steps had been taken with a view to performance. This was error. At the very least, if there had been no breach on the part of the defendant of the written contract between the parties, the defendant was entitled to an opportunity

to show that fact. Yet all testimony on defendant's behalf concerning the cause of non-payment, subsequent cancellation and refund to it and the amount thereof, was excluded.

It follows that the determination and judgment should be reversed and a new trial ordered, with costs in all courts to the appellant to abide the event.

DOWLING, SMITH, MERRELL and McAVOY, JJ., concur.

Determination and judgment reversed and new trial ordered, with costs in all courts to appellant to abide event.